JOHN A. NEUBAUER, Respondent, *v.* THE NASSAU ELECTRIC RAILROAD COMPANY, Appellant.

Second Department, May 7, 1920.

Street railways — action to recover for personal injuries received in collision between defendant's street car and plaintiff's motor truck — appeal from judgment only — verdict against weight of evidence — charge that plaintiff was not bound to look continuously for approaching car was proper — ordinance as to north- and south-bound vehicles — evidence showing contributory negligence.

On an appeal from a judgment alone the appellant may make the claim that the verdict was against the weight of the evidence.

In an action to recover for personal injuries received in a collision between a street car of the defendant and the plaintiff's motor truck as he was crossing the defendant's tracks for the purpose of turning into an intersecting street it was not error for the court to charge that the plaintiff was not bound to look continuously to the rear in the direction from which the street car was approaching after he first observed its approach.

An ordinance giving north- and south-bound vehicles preference over east- and west-bound vehicles at street intersections does not apply where one of two vehicles passing along a street in a northerly direction attempts to turn into an east and west street by crossing in front of the other, and the vehicle attempting to cross the street is bound to yield the right of way to the following vehicle if there is not sufficient space for the crossing.

On all the evidence, *held*, that the much greater weight of evidence indicated that the plaintiff was guilty of contributory negligence in attempting to turn his motor truck across the defendant's track in front of the approaching car without glancing back to see where the approaching car was, when only a short time before he had seen it some 300 feet away approaching at a high rate of speed.

The fact that the plaintiff saw people standing at the crossing did not warrant him in failing to make any observation as to the car approaching him from the rear on the assumption that the street car would stop to take them on.

*It seems*, that if the defendant had taken the position at the trial that the plaintiff's contributory negligence was established as a matter of law, and had moved for a direction of a verdict, his contention would have been sustained on appeal and the complaint dismissed.

APPEAL by the defendant, The Nassau Electric Railroad Company, from a judgment of the Supreme Court in favor of

the plaintiff, entered in the office of the clerk of the county of Kings on the 23d day of May, 1919, upon the verdict of a jury for $5,000.

*Harold L. Warner* [*George D. Yeomans* with him on the brief], for the appellant.

*George F. Hickey*, for the respondent.

MILLS, J.:

The action was brought to recover damages for personal injuries which the plaintiff claimed to have sustained through the negligence of the defendant, in consequence of which one of the defendant's cars collided with an automobile truck driven by plaintiff, at or near the intersection of Avenue J with Ocean avenue, in the borough of Brooklyn, on the 25th of March, 1918.

The main contention of the appellant here is that the plaintiff was guilty of contributory negligence in not looking again before he attempted to cross the tracks; when some fifty feet below that point he had looked back to the south and actually seen the car approaching from that direction. I am not clear that the appellant is in a position to raise that point in just that way. While at the end of plaintiff's case the defendant moved to dismiss upon the ground among others that plaintiff had not proven himself free from contributory negligence, defendant made no motion to dismiss at the end of all the case; and by its request to charge it apparently consented to the submission of the question of contributory negligence to the jury as a question of fact for them to decide, at least in the first instance. A motion for a new trial was made and denied, but no order denying that motion appears in the record and the notice of appeal is limited to the judgment. I understand, however, that even on an appeal from a judgment alone the appellant may now make the claim that the verdict was against the weight of evidence. (See Code Civ. Proc. § 1346, as amd. by Laws of 1914, chap. 351.) It seems to me that the only difficult question presented by the appeal is this one, namely: Was the finding, which the verdict imports, that plaintiff was

free from contributory negligence against the weight of the evidence?

The other contention of the appellant is clearly without merit, namely, that it was error for the court to charge that plaintiff was not bound to look continuously to the south, and that the ordinance as to north- or south-bound vehicles having the right of way over east- or west-bound vehicles was not applicable to a case where, as here, the vehicle ahead attempted to cross to the other side of the street into an intersecting street. (See Code of Ordinances of City of New York, chap. 24, art. 2, § 15, subd. 1.) No doubt the rule of common law applicable to the situation was practically the same as that of the ordinance, namely, that the vehicle in attempting to cross the street was bound to yield the right-of-way to the following vehicle coming along it if there was not sufficient space for the crossing.

As to the question whether or not the verdict upon the issue of contributory negligence was against the weight of the evidence, the material facts are the following:

Plaintiff was driving an automobile truck northerly along the east side of Ocean avenue nearing Avenue J, the former running north and south and the latter east and west. The truck was twenty to twenty-five feet long and open; that is, without any covering over the driver's seat. Ocean avenue is very wide, having a park space in the center through which run the two railroad tracks. The width of the roadway east of the parkway is twenty-three feet and the park space extends five feet outside of the tracks. Plaintiff's auto was coming along about five feet from the easterly curb and with one side of the auto about seventeen feet from the nearest rail of the tracks. When plaintiff was about fifteen feet from — that is, south of — Avenue J, he looked back to his left and saw a north-bound car approaching about two hundred feet south of Avenue J. He further testified that the car was then about fifty to seventy-five feet north of a cross-over through the parked space, which cross-over was really three hundred and seventy-five feet south of Avenue J, so that the car must have been then some two hundred and eighty-five feet south of plaintiff or three hundred feet south of Avenue J. The latter avenue is eighty feet wide. As plaintiff reached the corner of the intersection of the avenue

he put out his left hand and turned to his left — the west — to cross the tracks, and as he was driving across he suddenly became aware that the car was almost upon him coming at the same rate of speed at which he had seen it proceeding. He tried to turn out of its path, but could not, and his auto was struck by the car at about five feet back from his seat. His auto approached the point of his attempted turning at slow speed, so that he could have stopped in two feet. Plaintiff did not look towards the car again and paid no attention to it after he saw it the one time behind the auto. Plaintiff was conscious that it was his duty to give the car the right-of-way if there was any question of precedence. When the plaintiff saw the car approaching it was coming fast. He admitted that as he turned to cross he could have seen the car approaching some twenty or twenty-five feet away, had he just glanced in that direction " out of the corner of your eye." It does not appear that there was any other vehicle or object about to distract his attention. He testified that as he first looked back and saw the car he saw people standing on the easterly side of the grass plot near the crossing of Avenue J. It is manifest that the car, to stop to take those people aboard, would have to pass so that its front would be at the middle of Avenue J. It was very light at the time.

It seems to me manifest that much the greater weight of the evidence indicated that the plaintiff was guilty of contributory negligence in attempting to turn his slow-moving vehicle, almost as long as a car, across that track without merely glancing to his left to see where the approaching car was, when only a little while before he had actually seen the car approaching at high speed, a distance of some 300 feet away, he having meanwhile slowly passed over at least 40 feet.

I think that he should not under those circumstances have attempted to cross the tracks ahead of the car without taking any pains at all to make sure that it would not be upon him; and that the fact that he saw people standing at the near crossing of Avenue J did not warrant him in neglecting that precaution upon the assumption that the car would stop to take them on. Those people might just as well, in the exercise of due care, have been pausing to allow the car to pass just as he should have done, or even to allow the auto truck to

pass. This case in this respect differs from the case of *Power* v. *New York Central & Hudson River Railroad Co.* (160 App. Div. 899), where this court unanimously affirmed a judgment for the plaintiff. That was the case of an accident at the Bronxville crossing, where two girls were killed; one of them was a stranger to the locality and knew nothing of the custom of the defendant to stop that train west of the foot crossing; while the other was a resident there and knew well that custom. As to the former case this court held that the decedent, the stranger, was not entitled to cross without making sure that the train did stop before reaching the crossing. (See *Biggers* v. *New York Central & H. R. R. R. Co.*, 157 App. Div. 245.) In the case as to the other girl, upon proof that she knew that custom, the trial justice submitted to the jury as a question of fact for them to decide, whether it was negligent for her to attempt to cross without looking to see that the north-bound train, which she had seen at some distance approaching, actually stopped in its accustomed place; and, as above stated, this court affirmed that view of the matter. The instant case seems to me rather to fall within the class or the doctrine of the *Biggers* case. The respondent's brief cites and relies upon the cases of *Knapp* v. *Barrett* (216 N. Y. 226) and *Baker* v. *Close* (204 id. 92), two cases which are much cited to us these days. The *Knapp* case held distinctly that it was error to charge that plaintiff was not bound in law to look at all. The opinion said: " If, for example, he looks as he starts to cross, and the way seems clear, he is not bound as a matter of law to look again." (216 N. Y. at 230.) The test thus made is, if " the way seems clear." The point here is, the way should not have seemed clear to plaintiff when he looked and saw the car approaching behind him at high speed. In the *Baker* case the plaintiff testified that she did not see the auto at all when she looked (137 App. Div. 530), while in the instant case the plaintiff testified that he did see the car approaching at high speed. If the defendant at the trial had taken and maintained the stand that plaintiff's contributory negligence was established as a matter of law, I would advise that we hold that, and, therefore, dismiss the complaint; but, as above remarked, defendant's trial counsel took the position merely

that that was a question of fact to be submitted to the jury, at least in the first instance.

I advise, therefore, that the judgment appealed from be reversed and a new trial granted, with costs to abide the event.

JENKS, P. J., PUTNAM, BLACKMAR and KELLY, JJ., concur.

Judgment reversed and new trial granted, with costs to abide the event.